**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| POND CONSTRUCTORS, INC. | : | |
| 3500 Parkway Ln. # 500 | : | |
| Peachtree Corners, GA 30092 | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| v | : | FILE NO: 1:17-cv-881 |
| | : | |
| UNITED STATES | : | |
| through the GOVERNMENT | : | |
| ACCOUNTABILITY OFFICE | : | |
| 441 G. St., NW | : | |
| Washington, DC 20548, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**COMES NOW, Pond Constructors, Inc.** ("Pond" or the "Company"), by and through its undersigned counsel, and files this Complaint for declaratory and injunctive relief and alleges as follows:

**NATURE OF THE CASE**

1.

This case concerns whether the United States Government Accountability Office ("GAO") may disclose source-selection and other confidential information disclosed or created during the course of a government contract solicitation and bid process.

2.

Plaintiff Pond brings this action challenging the arbitrary and capricious decision of Defendant the United States, acting by and through the GAO, to release a completely unredacted

GAO bid-protest decision containing confidential and protected information in violation of its applicable law, its own regulations, and the applicable administrative protective order.

3.

The GAO's decision to release Pond's protected information violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). GAO's action is arbitrary and capricious because the information to be released falls within Exemption 4 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(4), which protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." This exemption is intended to protect the interests of both the government and submitters of information. Its very existence encourages submitters to voluntarily furnish useful commercial or financial information to the government and it correspondingly provides the government with an assurance that such information will be reliable. The exemption also affords protection to those submitters who are required to furnish commercial or financial information to the government by safeguarding them from the competitive disadvantages that could result from disclosure. Thus, under the well-established law in this Circuit, it must be withheld from publication.

**CONFIDENTIALITY OF FILINGS**

4.

Pond will file a Motion to Seal pursuant to United States District Court for the District of Columbia Local Rule 5.1(h), and seeks to file under seal (i) a copy of the GAO decision, and (ii) copies of Pond's proposed redactions to the GAO decision and any related letters. After Pond files this Motion to Seal, Pond respectfully request this Court to order any attachments to be

preserved as confidential (besides this Complaint and the Motion to Seal, which of course, may be publicly available).

5.

Any attachments to the Motion to Seal will be provided under seal to this Court in order to give the Court a chance to review the confidential information and Pond's proposed redactions. The filing of the Complaint or the Motion to Seal does not in any way serve as Pond's authorization for public disclosure of the attachments.

## JURISDICTION AND VENUE

6.

This Court has jurisdiction pursuant to 5 U.S.C. § 552 and 28 U.S.C. § 1331, 1346, and 1491(a). This is because this action arises under the APA against the United States and is initiated upon Pond's protest of a contract award by the Department and upon the laws and regulations applicable to the GAO.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Defendant Agency is located in the District of Columbia.

8.

Pond has a direct economic interest in the confidentiality of Protected Information that relates to Pond and Pond's proficiency to compete for future government contracts will be severely prejudiced by the GAO's broadcasting of such Protected Information.

## PARTIES

9.

Plaintiff Pond is a Georgia Corporation with its principal place of business located at 3500 Parkway Ln. # 500, Peachtree Corners, GA 30092.

10.

Defendant United States, acting by and through the GAO, a United States agency, has its principal place of business located at 441 G. St. NW, Washington, DC 20548.  The GAO, among many other things, examines matters relating to the receipt and payment of public funds, issues legal decisions, and bid protests rulings and reports.

## FACTUAL BACKGROUND

11.

The Department of Defense, acting through the Department of the Army, issued a request for proposals (RFP) on July 1, 2016, which sought proposals for energy recurring maintenance and minor/emergency repairs for Air Force Phase 7.  Solicitation Number W912DY-16-R-0063.

12.

Pond submitted a proposal pursuant to the RFP, but a different offeror was awarded the contract(s).

13.

Pond then submitted to the GAO a timely filed protest of the award.

14.

All proceedings under Pond's bid protest were subject to an administrative protective order issued on or about February 9, 2017. A copy of the APO is attached hereto as Exhibit 1. This APO prohibited the disclosure of protected material.

15.

On or about March 6, 2017, the GAO issued a decision concerning the bid protest filed by Pond (File No. B-414326.1). The decision contained significant material covered by the APO.

16.

On March 15, 2017, Pond received notice from the GAO that the GAO was of the belief that redactions of total pricing and adjectival ratings would not be redacted from the decision, but the GAO was to allow for the parties to submit their legal rationale supporting their proposed redactions by March 17, 2017. On March 16, 2017, the GAO extended this deadline to March 20, 2017.

17.

On March 20, 2017, Pond submitted a letter to the GAO, explaining its proposed redactions and why Pond is entitled to certain information being protected. Most of the information that Pond proposed be redacted, consisted of source selection and other competitive business information. Federal law (41 U.S.C. § 423(f)(2) defines "source selection information" as:

> Any of the following information prepared for use by a Federal agency for the purpose of evaluating a bid or proposal to enter into a Federal agency procurement contract, if that information has not been previously made available to the public or disclosed publicly:

    (A) Bid prices submitted in response to a Federal agency solicitation for sealed bids, or lists of those bid prices before public bid opening.
    (B) Proposed costs or prices submitted in response to a Federal agency solicitation, or lists of those proposed costs or prices.
    (C) Source selection plans.
    (D) Technical evaluation plans.
    (E) Technical evaluations of proposals.
    (F) Cost or price evaluations of proposals.
    (G) Competitive range determinations that identify proposals that have a reasonable chance of being selected for award of a contract.
    (H) Rankings of bids, proposals, or competitors.
    (I) The reports and evaluations of source selection panels, boards, or advisory councils.
    (J) Other information marked as "source selection information" based on a case-by-case determination by the head of the agency, his designee, or the contracting officer that its disclosure would jeopardize the integrity or successful completion of the Federal agency procurement to which the information relates.

See also 41 U.S.C. § 2101; 48 C.F.R. (FAR) 2.101 Definitions.

18.

The governing regulation, 4 C.F.R. § 21.12, requires the GAO to redact protected information wherever possible. To be more precise, 4 C.F.R. § 21.12 provides that a copy of any decision shall be made available to the public, but further provides that the public version should "omit the protected information":

> (a) *Unless it contains protected information*, a copy of a decision shall be provided to the protester, any intervenors, and the agency involved; a copy also shall be made available to the public. *A copy of a decision containing protected information shall be provided only to the agency and to individuals admitted to any protective order issued in the protest*. A public version omitting the protected information *shall be prepared wherever possible*.

This regulation does not contain any exception that exempts certain types of material.

19.

The information that Pond proposed to be redacted consisted overwhelmingly of protected material such as source selection analysis, including ratings factors such as technical,

past performance, small business participation rankings, and price.  This type of information includes non-public data from source selection reports such as the non-public Contractor Performance Assessment Reporting System (CPARS) reports and/or Defense Contract Management Agency (DCMA) reports, and past performance questionnaires (PPQ) solicited by the source-selection officer.

20.

All CPARS information is to be treated as "For Official Use Only/Source Selection Information" in accordance with FAR 2.101, 3.104, and 42.1503.  a CPAR is source selection material.  This is so because a CPAR supports ongoing source selections.  CPARS contain very sensitive data that concerns a contractor's performance under a specific business procedure, as covered by the FAR.  A CPAR can also at times be predecisional in nature.

21.

CPARS, DCMA, and PPQ information comprises of inter-agency or intra-agency memoranda in which should not be available to a party, other than the agency in litigation as the agency defined in 5 U.S.C. § 552(b)(5).

22.

The United States has acknowledged that contractor performance information is privileged source selection information. *See e.g.,* June 16, 2016 GUIDANCE FOR THE CONTRACTOR PERFORMANCE ASSESSMENT REPORTING SYSTEM (CPARS), available at https://www.cpars.gov/pdfs/CPARS-Guidance.pdf. As CPAR evaluations "may be used to support future award decisions, the completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated. This

information is not releasable under the Freedom of Information Act (FOIA)." The CPARS Guidance further provides that performance evaluations may be withheld from public disclosure as they are procurement sensitive.

23.

This kind of information was disclosed in Pond's protest in which was subject to the AOP and marked as "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER" (*e.g.* Legal Memorandum; Protestor's Comments).

24.

The governing regulation, 4 C.F.R. § 21.12, and the GAO's decision to not redact any information are in direct conflict. Whereas the regulation provides that all protected information shall be redacted wherever possible, here the GAO has given notice that it intends to redact nothing, with no effort to tie the agency's guidelines to any authorizing statute or regulation.

25.

Even if the GAO guide were consistent with the regulation, the GAO did not apply it here to redact non-public source-selection information. Instead, it made an arbitrary determination that source-selection information need not be protected, stating: "The types of redactions requested here, which include redactions of total pricing and adjectival ratings, will not be redacted from the decision."  March 15, 2017 email from GAO Attorney, K. Nicole Williams, to Pond counsel.

26.

The Federal Acquisition Regulations ("FAR") specifically recognize the need for protection of confidential information beyond the life of a single solicitation or protest. Since contractor assessments such as CPARS (see FAR 42.1501(b)) may be used to support future award decisions, FAR 42.1503(d) requires that such assessments be marked "Source Selection Information." FAR 42.1503(d) further dictates that any "completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information." Id. (emphasis added). The justification for handling information in this manner is stated in the FAR itself: disclosure could (i) cause harm to the commercial interest of the Government, (ii) cause harm to the competitive position of the contractor being evaluated, and (iii) impede the efficiency of government operations. FAR 42.1503(d).

27.

The information that the GAO refuses to redact, will prejudice Pond in competitively bidding on future government contracts. By refusing to redact such source selection information, as has been the case here, the government is in essence chilling bidders from filing bid protests, because contractors will fret over their concerns to compete fairly in the future will be at risk.

**COUNT I – ADMINISTRATIVE PROCEDURE ACT**

**The Decision to Unredact Certain Information is Arbitrary and Capricious and Against Statutory Authority**

28.

Pond incorporates be reference all preceding paragraphs in this Complaint.

29.

The GAO's decision to release its bid protest decision with unredacted information is a final action by an agency, as defined by 5 U.S.C. § 704and therefore, is reviewable by the APA. Pond believes it has depleted all available administrative remedies.

30.

The protected material that GAO seeks to disclose to the public contains protected material and confidential commercial information--*i.e.* source-selection information, non-public agency interviews and similar reports. Both the government and Pond have continuously maintained this information as confidential.

31.

The GAO's governing regulations prohibit the release of such information "wherever possible." In addition, the GAO may not disclose to the public any information falling within the coextensive scope of FOIA Exemption 4.

32.

Pond will likely suffer irreparable harm if GAO releases this protected material, which could then be used by Pond's competitors in future contract competitions.

33.

Therefore, unless this information is redacted, the GAO is not authorized by its own regulations or FOIA to disclose such protected material.

34.

The GAO has not cited any authority authorizing themselves to disclose such protected material. Contrarily, in the GAO's email dated March 15, 2017, the GAO asserted that this was of a general matter, thus leading one to believe this was a unilateral decision and that the protest decision was deemed not to contain any protected material. This is in despite of the fact that an APO was issued and that Pond will suffer irreparable harm by the release of such information.

35.

The proposed GAO release is unlawful because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A) because it contradicts applicable GAO and FAR regulations. It also is unlawful because it is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right within the meaning of 5 U.S.C. § 706(2)(C). Accordingly, Pond is entitled to and seeks a declaration that the GAO Decision is unlawful and a permanent injunction barring the GAO's release of the Decision without the redactions proposed by Pond or as otherwise agreed by the parties.

## COUNT II
**(Declaratory Relief)**

36.

Pond incorporates by reference all the preceding paragraphs in this Complaint.

37.

There is an actual controversy between the GAO and Pond, regarding the release of protected material in the bid decision.

38.

A declaration that the GAO's proposed release of the Decision in unredacted form is arbitration and capricious would provide relief to Pond and provide the basis for permanent injunctive relief.

39.

Declarative and injunctive relief in connection with a merits decision is appropriate in this case because the GAO's release will irreparably harm Pond by making confidential, protected material public and will materially hinder the Company's ability to compete on future contracts.

40.

Injunctive relief is in the public interest because it will ensure that the GAO complies with its own governing regulations and applicable law, including 41 U.S.C. § 2102.

41.

Injunctive relief is appropriate because Pond has made a prima facie showing that the GAO has acted in contravention of its own regulations, in violation of the Administrative Procedures Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Pond prays that this Court grant the following relief:

1. A declaratory judgment that the GAO's determination not to redact the Protected Information contained in the Decision is arbitrary, capricious, an abuse of discretion; otherwise contrary to law; and in excess of GAO's statutory authority;

2. Injunctive relief requiring the GAO to accept the redactions proposed by Pond prior to GAO's release of its Decision to the public; and

3. Such other relief as this Court deems just and proper.

Respectfully Submitted,

This the 11th day of May, 2017

        /s/ A. Jeff Ifrah

A. Jeff Ifrah (DC Bar No. 456661)
IFRAH PLLC
Jeffrey R. Hamlin (DC Bar No. 478256)
1717 Pennsylvania Ave. NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jeff@ifrahlaw.com

MOSER ROSE, LLP

*/s/ David A. Rose*
DAVID A. ROSE, Partner
Georgia State Bar No. 614180
(*pro hac vice forthcoming*)
1706 N. Patterson St.
P. O. Box 1451
Valdosta, GA 31603-1451
Phone: (229) 244-1527
Email: drose@roseconsultingllc.org

*Counsel for Pond Constructors, Inc.*