# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POND CONSTRUCTORS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE,<br><br>*Defendant*. | Civil Action No. 17-0881 (DLF) |

## MEMORANDUM OPINION

In rejecting a government-contracting bid submitted by Pond Constructors, the U.S. Government Accountability Office (GAO) published a decision that included information that Pond says is commercially confidential. Pond alleges that GAO's refusal to redact this information from the decision is arbitrary and capricious in violation of the Administrative Procedure Act. *See* 5 U.S.C. § 706(2)(A). Before the Court is GAO's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or alternatively for summary judgment. Dkt. 12. For the reasons that follow, the Court will dismiss the suit under Rule 12(h)(3).

The Court lacks jurisdiction to address Pond's claim because under D.C. Circuit caselaw, GAO—an entity within the legislative branch—is not an agency under the APA. The APA waives sovereign immunity only with respect to suits seeking relief other than money damages and challenging the action or inaction of an "agency." 5 U.S.C. § 702. The APA defines "agency" as "each authority of the Government of the United States" other than "the Congress," "the courts of the United States," and other intuitive exceptions. *Id.* § 701(b). This definition is very broad, but higher courts have interpreted it narrowly. For example, the President is plainly

an "authority of the Government of the United States" and does not fall under an exception, yet the Supreme Court has decided that the President is not an agency under the APA, *Franklin v. Massachusetts*, 505 U.S. 788, 800–801 (1992).

More relevant here, the APA's definition of "agency" excludes "the Congress" but does not explicitly exclude an entity like GAO that is considered a "legislative branch agency," *Chennareddy v. Bowsher*, 935 F.2d 315, 319 (D.C. Cir. 1991). The D.C. Circuit has concluded, however, that "the APA exemption for 'the Congress' mean[s] the entire legislative branch." *Washington Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994). GAO is "part of the legislative branch." *Chen v. General Accounting Office*, 821 F.2d 732 (D.C. Cir. 1987). The APA, therefore, does not waive sovereign immunity for suits against GAO.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). And sovereign immunity "is jurisdictional in nature." *Id.*; *see also id.* ("[T]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." (internal quotation marks and alteration omitted)). That means the Court has no power to adjudicate this suit. GAO did not move to dismiss for lack of jurisdiction, but Rule 12(h)(3) requires a court to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

Therefore, the Court dismisses the case under Rule 12(h)(3) and denies GAO's motion, Dkt. 12, as moot. A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

Date: May 30, 2018